**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DENZEL DEMAR CRISP,

                    Petitioner-Appellant,

v.

PATRICK COVELLO, Warden,

                    Respondent-Appellee.

No.    19-16987

D.C. No.  2:15-cv-00938-JKS

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
James K. Singleton, District Judge, Presiding

Argued and Submitted November 16, 2022
San Francisco, California

Before:  S.R. THOMAS and BENNETT, Circuit Judges, and LASNIK,** District
Judge.

Denzel Crisp appeals from the district court's denial of his petition for a writ

of habeas corpus under 28 U.S.C. § 2254.  We have jurisdiction pursuant to 28

U.S.C. § 1291 and 28 U.S.C. § 2253(a).  We review the district court's denial of

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The Honorable Robert S.  Lasnik, United States District Judge for the
Western District of Washington, sitting by designation.

Crisp's habeas petition de novo.  *See Weeden v. Johnson*, 854 F.3d 1063, 1069 (9th Cir. 2017).  We granted a certificate of appealability as to one question: whether trial counsel rendered ineffective assistance.  Because the parties are familiar with the history of this case, we need not recount it here.  We affirm.

I

The California Superior Court's decision that defense counsel did not render constitutionally ineffective assistance of counsel for failing to investigate, obtain, and introduce expert-opinion evidence from an eyewitness-testimony expert was not an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States.  *See* 28 U.S.C. § 2254(d)(1) (setting the standard for review under the Antiterrorism and Effective Death Penalty Act of 1996).

"[W]e have made it clear that we 'adhere to the position that skillful cross examination of eyewitnesses, coupled with appeals to the experience and common sense of jurors, will sufficiently alert jurors to specific conditions that render a particular eyewitness identification unreliable.'"  *Howard v. Clark*, 608 F.3d 563, 574 (9th Cir. 2010) (citations omitted).

Here, the California Superior Court held that there was "no indication that the testimony would have been admitted" under *People v. Datt*, 111 Cal. Rptr. 3d

2

132, 139 (2010). And even if admitted, Crisp "acknowledges that substantial portions of the declarations relating to Reyes's and Meraz's statements could have been excluded." In *Datt*, the California Court of Appeal held that expert testimony is not required in every case involving uncorroborated eyewitness identification. 111 Cal. Rptr. at 139.

Neither *Strickland* and its progeny, nor "prevailing professional norms," require trial counsel to consult or call an eyewitness expert; therefore, the state court's conclusion that eyewitness expert testimony need not have been admitted was not objectively unreasonable. *Strickland v. Washington*, 466 U.S. 668, 688 (1984).

## II

The California Superior Court's conclusion that defense counsel did not render constitutionally ineffective assistance of counsel for failing to call at trial a firearms expert was not an objectively unreasonable application of clearly established federal law as determined by the United States Supreme Court.

The state court determined that counsel's failure to call the witness at trial was not unreasonable because "witnesses described hearing two or three gunshots, meaning that one or more shell casings fell *outside* the vehicle," which Venkus did not address. Because the expert focused only on the cartridge found inside the

3

vehicle, the court discounted his opinion's probative value. Indeed, the court concluded that "[n]othing in [Venkus's] opinion indicates that he examined the casing, could date when the round was fired, or considered that the casing was not in fact from the shooting in this case."

The state court's conclusion was not objectively unreasonable because a fairminded jurist could determine from the record that counsel had legitimate reasons for not calling the witness. Counsel did state in a declaration that in hindsight, he should have called the witness and could not think of a tactical reason for why he did not call the witness. However, a fairminded jurist could reasonably conclude that the "declaration suffers from multiple weaknesses that would have been readily apparent to a jury and exploitable by opposing counsel." *Lopez v. Allen*, 47 F.4th 1040, 1049 (9th Cir. 2022). Therefore, it was not objectively unreasonable for the state court to conclude that counsel's failure to call the witness at trial did not constitute ineffective assistance of counsel.

## III

The state court's conclusion that trial counsel did not provide ineffective assistance for failing to persuade the trial court to admit the testimony of Ogden Shipman was not objectively unreasonable. Crisp contends that if Shipman's

4

testimony had been admitted, there is a reasonable probability that it would have altered the case's outcome.

The state court rejected this claim because Shipman's testimony "would merely have impeached Brown." But "[m]uch of Brown's testimony was already impeached, including his implausible story explaining his fingerprint on the gun's magazine, his denial to police that he had a gun, his claim that police slammed his head against the car, etc." Moreover, the state court concluded that Brown's impeachment would not have affected the trial's outcome because "jurors could have disbelieved Brown's testimony entirely and still likely would have come to the same conclusion."

Given the entirety of the record, the state court's determination that the admission of Shipman's testimony would not have undermined confidence in the result of the trial was not objectively unreasonable.

IV

Crisp contends that the cumulative effect of counsel's errors warrants reversal of his conviction. "The Supreme Court has clearly established that the combined effect of multiple trial court errors violates due process where it renders the resulting trial fundamentally unfair." *Parle v. Runnels*, 505 F.3d 922, 927 (9th Cir. 2007). Given our conclusion that the state court's determination of the alleged

5

errors was not objectively unreasonable, this claim fails. We "cannot consider the cumulative effect of *non*-errors." *Williams v. Filson*, 908 F.3d 546, 570 (9th Cir. 2018).

V

The district court did not abuse its discretion in denying an evidentiary hearing. A federal court may not hold an evidentiary hearing on a claim for which a petitioner failed to develop a factual basis in state court unless the petitioner shows that (1) the claim relies on a "factual predicate that could not have been previously discovered through the exercise of due diligence," 28 U.S.C. § 2254(e)(2)(A)(ii), and (2) "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the [petitioner] guilty of the underlying offense," *id.* § 2254(e)(2)(B). Even if a petitioner meets these requirements, a federal habeas court is still "not *required* to hold a hearing or take any evidence"—that decision "must be informed by principles of comity and finality that govern every federal habeas case." *Shinn v. Ramirez*, 142 S. Ct. 1718, 1734 (2022).

An evidentiary hearing was unnecessary here because the state record contained sufficient facts to adjudicate Crisp's petition. Moreover, Crisp failed to

6

assert a colorable claim for relief.  *See Bashor v. Risley*, 730 F.2d 1228, 1233–34 (9th Cir. 1984).

**AFFIRMED.**